**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

DEVON A. ROZIER,

    Plaintiff,

vs.                                             Case No. 4:13cv96-RH/CAS

KEN MILLS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

On March 1, 2013, the pro se Plaintiff initiated this case by submitting a complaint, doc. 1, against three Defendants. That complaint, doc. 1, was found to be deficient and it was unclear whether Plaintiff was attempting to present a civil rights complaint, an employment discrimination complaint, a claim under the Americans with Disabilities Act, or something else. Thus, Plaintiff was required to submit an amended complaint and the Clerk was directed to provide both a civil rights complaint form and an employment discrimination form to Plaintiff so that Plaintiff could submit the amended complaint on whichever form was the most appropriate. Doc. 4.

Plaintiff responded to that Order, doc. 4, by filing <u>both</u> a civil rights complaint, doc. 5, <u>and</u> an employment discrimination complaint, doc. 6. Another Order was

entered advising Plaintiff that a case could only proceed on one complaint, not two. Doc. 7. The Order also reviewed both of Plaintiff's complaints, docs. 5-6, in an effort to determine what type of case might be viable. *See* doc. 7. All named Defendants were the same on both complaints, and both complaints appeared to bring similar allegations concerning events which transpired between 2005 and 2009. In the employment discrimination complaint, Plaintiff states that he was terminated from his employment in August of 2009. Doc. 6 at 3. Plaintiff filed charges with the EEOC and contends he was issued a Notice of Right to Sue in December of 2011. *Id.*

The Order advised Plaintiff that a Title VII complaint for employment discrimination, which must have been exhausted pursuant to Title VII, must be brought within 90 days of receipt of notice of the right to sue. 42 U.S.C. § 2000e-5(f)(1); Stallworth v. Wells Fargo Armored Services Corp., 936 F.2d 522, 524 (11th Cir. 1991). Doc. 7. Because any such claims would be barred by over two years, Plaintiff was advised he could not proceed in an employment discrimination complaint brought pursuant to 42 U.S.C. § 2000e, *et seq*.

Plaintiff was also advised that it did not appear likely that he could proceed in a § 1983 civil rights action[1] either because the named Defendants did not appear to be "state actors." Doc. 7, reviewing doc. 5. In an abundance of caution, Plaintiff was provided another § 1983 complaint form so that he could submit a second amended

---

[1] Section 1983 imposes liability on one who, "acting under color of state law, deprives a person of 'any rights, privileges, or immunities secured by the Constitution and laws.'" Doe 1-13 By and Through Doe, Sr. 1-13 v. Chiles, 136 F.3d 709, 713 (11th Cir. 1998). Thus, to obtain relief, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. Patrick v. Floyd Medical Center, 201 F.3d 1313, 1315 (11th Cir. 2000).

complaint. Plaintiff was further advised that he could not proceed with this case by complaining of events which took place in 2005 as a civil rights action must be brought within four years of an alleged constitutional violation. Doc. 7.

Plaintiff has now filed a second amended complaint, doc. 8, against four Defendants, and submitted a separate statement concerning the "right to sue letter." Doc. 9. In that statement, Plaintiff apologizes for submitting the right to sue documentation late and requests that his case go forward. *Id.* Within the documents attached to the statement is the Notice of Suit Rights from the Equal Employment Opportunity Commission. That notice was mailed to Plaintiff on December 8, 2011. Accordingly, any Title VII action is barred and cannot proceed.

Notwithstanding that fact, Plaintiff did not submit a Title VII complaint, but a second amended civil rights complaint. Doc. 8. Plaintiff generally complains that he worked at the Southgate Campus Center as a "fry cook" from January 2005 until 2009. Plaintiff complains that he was often required to do salad bar jobs, which he alleges was the work for three females and, thus, amounted to "male vs. female discrimination." *Id.* Plaintiff also complains that he was given a "wrongful suspension" between April 23, 2009 and May 23, 2009, and his employment was terminated on August 17, 2009. *Id.* Plaintiff contends he was not given a reason for his termination. *Id.* Plaintiff also complains that he was subjected to verbal abuse, cursing, ridicule, harassing telephone calls and text messages, threats, and was treated differently than other employees. *Id.*

All employment discrimination claims, the ADEA claim and the ADA claims are time barred because they were not brought within 90 days of <u>receipt</u> of notice of the right to sue. 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a) (stating that 42 U.S.C. §

2000e–5 applies to cases of discrimination on the basis of disability). Plaintiff acknowledges that these claims are late, doc. 9, and the Court does not have discretion to waive the statutory timeliness requirement.

The remaining claims cannot proceed either as § 1983 claims because the Defendants are not "state actors." As noted above, § 1983 imposes liability only upon a person "acting under color of state law." The individual Defendants named are employees of Southgate Campus Center, the fourth named Defendant. Plaintiff provides no factual information about Southgate Campus Center other than the address of 675 W. Jefferson Street in Tallahassee. Doc. 8 at 1. Judicial notice is taken that Southgage is a student-only community providing housing, meals, and designed to meet the needs of "student living" for students attending Florida State University. Southgate is managed by Asset Campus Housing, a national corporation with headquarters in Houston, Texas. Southgate is not a state run facility and, thus, none of the Defendants are subject to liability under § 1983. This case should be dismissed.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, doc. 8, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

**IN CHAMBERS** at Tallahassee, Florida, on June 5, 2013.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**